UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14051-CR-GRAHAM/MCCABE

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 922(g)(1)



FILED BY _____ D.C.

NOV 16 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA

v.

CHARLES HUDSON,

Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Possession with Intent to Distribute a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

On or about February 22, 2023, in Indian River County, in the Southern District of Florida, the defendant,

**CHARLES HUDSON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 2
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about February 22, 2023, in Indian River County, in the Southern District of Florida, the defendant,

**CHARLES HUDSON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(vi), it is further alleged that this violation involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## COUNT 3
### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A)(i))

On or about February 22, 2023, in Indian River County, in the Southern District of Florida, the defendant,

**CHARLES HUDSON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime, a felony offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(l), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### COUNT 4
**Possession of a Firearm and Ammunition by a Convicted Felon**
**(18 U.S.C. § 922(g)(1))**

On or about February 22, 2023, in Indian River County, in the Southern District of Florida, the defendant,

**CHARLES HUDSON,**

knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

Pursuant to Title 18, United States Code, Section 924(e)(1), it is further alleged that before the defendant, **CHARLES HUDSON**, committed the offense charged in this count, he had at least three prior convictions for a violent felony or serious drug offense, or any combination thereof, committed on occasions different from one another.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2. Upon conviction of any violation of Title 21, United States Code, Section 841(a)(1), as alleged in Counts One and Two of this Indictment, the defendant, **CHARLES HUDSON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

3. Upon conviction of any violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count Three of this Indictment, the defendant, **CHARLES HUDSON**, shall forfeit to the United States any firearm involved in or used in the commission of such violation, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 23-14051-CR-GRAHAM/MAYNARD

v.

CHARLES HUDSON,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☒ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __4__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☒ 0 to  5 days                 ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Moore   Case No. 2:07-cr-14081
9. Defendant(s) in federal custody as of 02/22/23
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
MICHAEL PORTER
Assistant United States Attorney
FL Bar No.   0031149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CHARLES HUDSON

**Case No**: 23-14051-CR-GRAHAM/MAYNARD

Count #: 1

Possession w/Intent to Distribute 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** Life
* **Max. Fine:** $10,000,000/$100 Special Assessment

Count #: 2

Possession w/Intent to Distribute 400 grams or more of fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi)

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** Life
* **Max. Fine:** $10,000,000/$100 Special Assessment

Count #:3

Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i)

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years, to be served consecutive to any other sentence imposed
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000 / $100 Special Assessment

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

<u>Possession of a Firearm and Ammunition by a Convicted Felon, 18 U.S.C. § 922(g)(1)</u>

* **Max/Mandatory Min Term of Imprisonment and Supervised Release:** If the defendant is an armed career criminal, he faces a mandatory minimum term of 15 years' imprisonment, statutory maximum term of life imprisonment, and up to 5 years of supervised release.  If the defendant is not an armed career criminal, he faces a statutory maximum term of 10 years' imprisonment and up to 3 years of supervised release
* **Max. Fine:**  $250,000 / $100 Special Assessment

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**